UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSHEL C. MITCHELL, | ) 1:12-cv-01259-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1) |
| v. | ) THIRTY-DAY DEADLINE |
| MATTHEW CATES, et al., | ) |
| Defendants. | ) |

### I. Screening Requirement and Standard

Plaintiff Hershel C. Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on August 2, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution located in Tehachapi, California.  The events complained about allegedly occurred while Plaintiff was housed at Avenal State Prison.  Plaintiff names (1) Matthew Cates, Secretary of the California Department of Corrections and Rehabilitation; (2) J. D. Hartley, Warden at Avenal State Prison; (3) R. Boccella, Correctional Captain at Avenal State Prison; and (3) Duval, Correctional Lieutenant at Avenal State Prison as defendants.

Plaintiff alleges as follows:  Since the time of Plaintiff's incarceration at Avenal State Prison, Defendants Cates and Hartley knew of the existence and possession of contraband items, such as tobacco and cell phones, by inmates at Avenal State Prison and allowed these conditions to persist.  Defendants Cates and Hartley had knowledge of incident reports involving inmates, along with referrals to the Kings County District Attorney's Office for criminal prosecution of inmates for bringing contraband items into the prison.

On March 14, 2012, while incarcerated on Facility-A yard, Building 120, Dorm #1-3L, inmate McDowell, a prison inmate and CRIPP gang member, was in possession of a contraband cigarette lighter and began to burn incense next to Plaintiff's bed.  Plaintiff told inmate

McDowell that the burning of incense was causing Plaintiff respiratory problems, difficulty breathing and was making him physically ill. Inmate McDowell became hostile, which led to a verbal confrontation between Plaintiff and inmate McDowell. Plaintiff then left the dorm area so that his breathing could return to normal.

When Plaintiff returned to his dorm area approximately one and a half hours later, inmate McDowell was still burning incense in the dorm. Plaintiff and inmate McDowell became engaged in another verbal confrontation. Inmate McDowell then used a cell phone to talk to other CRIPP prison gang member inmates to inform them that Plaintiff was going to tell correctional officers that inmate McDowell was burning incense in the dorm area.

Approximately ten to twelve hours later, on March 14, 2012, prison inmate CRIPP gang members Verdon and Howell came into Dorm 1 in Building 120 on the Facility-A yard and assaulted Plaintiff while he was sitting on his bed listening to the radio. As Plaintiff was being assaulted by inmates Verdon and Howell, inmate Howell stated that they had received information from inmate McDowell that Plaintiff was going to inform correctional officers in the building that inmate McDowell had been burning incense in the dorm.

As a result of the assault by inmates Verdon and Howell, Plaintiff was transferred to the Emergency Room at Coalinga Medical Center for treatment to his right eye and facial area. On March 15, 2012, Plaintiff was transferred from Coalinga Medical Center to San Joaquin Valley Hospital in Bakersfield, California. On March 16, 2012, Plaintiff underwent an operation to repair the damage to his right eye and facial area. Plaintiff was released from the hospital on March 17, 2012, and returned to the prison. Plaintiff remained in the prison infirmary until March 29, 2012.

Plaintiff alleges that Defendants Boccella and Duval had knowledge of the assault/battery committed against him. On March 19, 2012, Defendants Boccella and Duval conducted an Administrative Hearing Review. Plaintiff was informed by Defendant Duval that no disciplinary action had been administered to the inmates that assaulted him. Defendant Duval stated that he had reliable information about the incident and that the two individuals had committed the assault. Defendant Duval further stated that if Plaintiff wanted to return to housing in Building

120 on the Facility-A yard, then he would relocate the two individuals who had assaulted Plaintiff to a different general population facility at Avenal State Prison. Plaintiff's response to Defendant Duval was "No." Plaintiff stated that he still had safety concerns due to the presence of other CRIPP prison gang members who also were located on the Facility-A yard. The interview was concluded and the hearing report was signed by Defendant Boccella. Plaintiff claims that Defendants Duval and Boccella had responsibility for administering disciplinary procedures and submitting a referral to the Kings County District Attorney for criminal prosecution of the two inmates that assaulted him. Plaintiff asserts that there was no disciplinary action taken or referral made for criminal prosecution of the inmates.

On March 22, 2012, an Administrative Segregation Unit Review was conducted in the ASU section of the Avenal State Prison infirmary building, which was chaired by Chief Deputy Warden and four committee members. The Chief Deputy Warden had full knowledge of the assault on Plaintiff. The committee notes section of the document report of the Administrative Segregation Unit Review falsely states that Plaintiff was interviewed by Correctional Officer Burton on March 19, 2012. Plaintiff claims that he was not interviewed by Correctional Officer Burton on March 19, 2012, and the only interview conducted was on March 19, 2012, with Defendants Duval and Boccella.

On or about March 23, 2012, while Plaintiff was in the infirmary, Plaintiff was presented with a document to read. The document listed the names of three inmate prison CRIPP gang members: (1) Verdon, (2) Howell and (3) McDowell. The document described inmates Verdon and Howell as the two inmates that had assaulted Plaintiff and described inmate McDowell as the inmate with whom Plaintiff had a verbal confrontation that incited the assault. All three inmates were defined as Plaintiff's enemies. The document also contained a written question/statement that Plaintiff would be willing to testify to the facts of the assault/battery in a court of law and identify Verdon and Howell as the assailants. Additionally, the document stated that the information Plaintiff provided to correctional and administrative staff about the assault/battery was considered to be reliable. Plaintiff was asked to read and sign the document. Plaintiff complied and was informed that the document would be placed in his confidential file.

Plaintiff asserts claims for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, along with a violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

### III. Deficiencies of the Complaint

Due to Plaintiff's failure to state any cognizable claims, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A. Equal Protection – Fourteenth Amendment

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that plaintiff has been intentionally treated differently from similarly situated individuals without a rational basis for the difference in treatment, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff has failed to state a cognizable equal protection claim. He has not alleged discrimination based on his membership in a protected class or that similarly situated individuals were treated differently. Indeed, the basis of Plaintiff's equal protection claim is unclear. To the extent his equal protection claim derives from allegations that Defendants failed to *protect* him from assault, such a claim is better suited to a claim that Defendants violated the Eighth Amendment. Such a claim is discussed below in greater detail.

#### B. Due Process – Fourteenth Amendment

The Due Process Clause protects against the deprivation of life, liberty or property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id.

Plaintiff's due process claim appears to derive from his allegations that the inmates involved in his assault were not properly punished or referred for criminal prosecution. This allegation does not support a due process claim or any other constitutional violation. In other words, Plaintiff does not have a constitutional right in the disciplinary proceedings or referral for criminal prosecution of other inmates.

Insofar as Plaintiff's claim derives from the alleged failure to protect him from assault, the Eighth Amendment, not the Due Process clause, provides the proper constitutional basis for his claims. "Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruled on other grounds by Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

    **C. Eighth Amendment**

        1. Failure to Protect

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)). Prison officials also have a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). However, "not . . . every injury suffered by one prisoner at the hands of another [ ] translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official cannot be found liable under the Eighth Amendment unless the official "knows of and disregards and excessive risk to inmate health or safety." Id. at 837. The prison official must "both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The allegations in Plaintiff's complaint fail to show that any named defendant was aware that Plaintiff was at a substantial risk of an assault by inmates Verdon, Howell or McDowell. Plaintiff fails to state a cognizable claim for failure to protect.

### 2. Conditions of Confinement

Plaintiff appears to allege that the incense smoke violated his constitutional rights. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id. As discussed above, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff has failed to allege sufficient facts to demonstrate that Defendants knew of inmate McDowell's possession and burning of incense and disregarded an excessive risk to Plaintiff's health.

### D. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Plaintiff's amended complaint also should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:  **October 9, 2013**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE