1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERSHEL C. MITCHELL, | ) | 1:12-cv-01259-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| v. | ) | (ECF No. 7) |
| | ) | |
| MATTHEW CATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
|_____| ) | |

## I.      Screening Requirement and Standard

Plaintiff Hershel C. Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 10, 2013, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff's first amended complaint, filed on October 31, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution located in Tehachapi, California. The events complained about allegedly occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names (1) Matthew Cates, Secretary of the California Department of Corrections and Rehabilitation; (2) J. D. Hartley, Warden at Avenal State Prison; (3) R. Boccella, Correctional Captain at Avenal State Prison; and (3) Duval, Correctional Lieutenant at Avenal State Prison as defendants.

Plaintiff alleges as follows: On March 14, 2012, while incarcerated on Facility-A yard, Building 120, Dorm #1-3L, Plaintiff and Inmate McDowell were involved in a verbal confrontation because Inmate McDowell was using a cigarette lighter to burn incense in the dorm. Plaintiff asked Inmate McDowell not to burn the incense in the dorm area because Plaintiff was a life-long non-smoker and was allergic to second-hand smoke. Plaintiff experienced respiratory problems, difficulty breathing and became physically ill. When Plaintiff asked Inmate McDowell not to burn the incense, Inmate McDowell became hostile and stated, "You're not going to tell me how to do my program." As Plaintiff had only recently moved into

the dorm, Inmate McDowell further stated, "You just moved into the dorm and you're not going to move in here and change the way that I do things." (ECF No. 7, p. 3.) Plaintiff then left the dorm and went outside so that his breathing could return to normal.

When Plaintiff returned to the dorm about an hour and a half later, Inmate McDowell was still burning incense, which resulted in another verbal confrontation between Plaintiff and Inmate McDowell. Inmate McDowell then used a contraband cell phone to call other CRIPP gang inmates and inform them Plaintiff was going to tell correctional officers that Inmate McDowell was burning incense in the dorm area.

Approximately ten to twelve hours later, Plaintiff received injuries from an assault by two CRIPP gang inmates named Verdon and Howell. During the course of the assault, Inmate Howell stated that they had received information from Inmate McDowell that Plaintiff was going to inform correctional officers that Inmate McDowell was using a contraband cigarette lighter to burn incense in Building 120, Dorm 1, on the Facility A Yard.

Plaintiff claims that defendants violated his Eighth Amendment rights against cruel and unusual punishment by exposing him to second hand smoke. Plaintiff further claims that defendants knew of the existence of illegal contraband, such as cigarette lighters, cell phones, and tobacco products in the possession of the other inmates prior to Plaintiff's incarceration at Avenal State Prison. Plaintiff asserts that he was the victim of assault by other prisoners who had these contraband items in their possession. Plaintiff believes that defendants disregarded the threats and risk of safety posed by the contraband despite disciplinary reports and referrals for prosecution of other inmates in the possession of contraband at Avenal State Prison.

Plaintiff further claims that defendants violated his Equal Protection rights because he was not protected from the assault. Plaintiff also claims that his Equal Protection rights were violated because defendants did not take any legal actions against the inmates who committed battery in his case.

Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

///

///

1    III.    **Discussion**

2            **A. Equal Protection – Fourteenth Amendment**

3            The Equal Protection Clause requires that all persons who are similarly situated should be

4    treated alike.  Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v.

5    Cleburne Living Center, 473 U.S. 432, 439 (1985).  An equal protection claim may be

6    established by showing that the defendant intentionally discriminated against the plaintiff based

7    on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington,

8    152 F.3d 1193, 1194 (1998), or that plaintiff has been intentionally treated differently from

9    similarly situated individuals without a rational basis for the difference in treatment, Thornton v.

10   City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562,

11   564 (2000).

12           Plaintiff has failed to state a cognizable equal protection claim.  Plaintiff has not alleged

13   that he was discriminated against based on his membership in a protected class or that he was

14   intentionally treated differently than similarly situated individuals.  Rather, Plaintiff's equal

15   protection claim derives from his allegations that the inmates involved in his assault were not

16   properly punished or referred for criminal prosecution.  Such allegations are not sufficient to

17   support a violation of *Plaintiff's* equal protection rights.  This deficiency cannot be cured by

18   amendment.

19           As the Court previously informed Plaintiff, to the extent that his equal protection claim is

20   based on allegations that defendants failed to protect him from assault, such allegations are better

21   suited to an Eighth Amendment claim. Such a claim is discussed below in greater detail.

22           **B. Eighth Amendment**

23               1.    Failure to Protect

24           Prison officials are required "to take reasonable steps to protect inmates from physical

25   abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by

26   Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).  Prison officials also have a duty to

27   "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S.

28   825, 833, 114 S.Ct. 1970, 1976 (1994).  However, "not . . . every injury suffered by one prisoner

at the hands of another [ ] translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.  A prison official cannot be found liable under the Eighth Amendment unless the official "knows of and disregards and excessive risk to inmate health or safety." Id. at 837.  The prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

As with the allegations in his original complaint, the allegations in Plaintiff's amended complaint fail to show that any named defendant knew that Plaintiff was at a substantial risk of an assault by Inmates Verdon, Howell or McDowell.  Plaintiff fails to state a cognizable claim for failure to protect him from assault.  Despite being informed of the relevant legal standard, Plaintiff has not been able to cure the deficiencies in his Eighth Amendment failure to protect claim.

### 2.   Conditions of Confinement

Plaintiff alleges that the incense smoke and contraband items violated his constitutional right against cruel and unusual punishment.  The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

In order to establish a violation of this duty, a prisoner must show that he was subjected to an objectively serious deprivation that amounts to a denial of "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).  A prisoner must also show that prison officials acted with sufficiently culpable states of mind in failing to satisfy their duties. Farmer, 511 U.S. at 834. Prison officials must have acted with deliberate indifference. Id.  As discussed above, a prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

As with his original complaint, Plaintiff has failed to allege sufficient facts to demonstrate that defendants knew of Inmate McDowell's possession and burning of incense (or possession of contraband) and disregarded an excessive risk to Plaintiff's health.  Plaintiff's generalized allegations regarding the known possession of contraband by other inmates is not sufficient.  Despite being informed of the relevant legal standard, Plaintiff has been unable to cure this deficiency.

**IV.    Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim upon which relief may be granted under section 1983.  Despite being provided the relevant legal standards and an opportunity to amend, Plaintiff has been unable to state a cognizable claim and further leave to amend will not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **November 4, 2013**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE